UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

**LOUIS R. JEAN FELIX,**
**and similarly-situated individuals**

       **Plaintiff,**

**vs.**

**CHICKEN KITCHEN USA, LLC,**
**A Florida Corporation; And**
**CHRISTIAN MAHE DE BERDOUARE,**
**Individually**

       **Defendant.**

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiff, **LOUIS R. JEAN FELIX** (hereinafter "JEAN FELIX" or Plaintiff"), by and

through the undersigned counsel, hereby sues Defendant(s), **CHICKEN KITCHEN USA, LLC,**

**a Florida Corporation** and **CHRISTIAN MAHE DE BERDOUARE,** individually, who

managed and operated the business (hereinafter collectively referred to as "Defendant") and in

support avers as follows:

### INTRODUCTION

1. This is an action by the Plaintiff, JEAN FELIX, for declaratory and injunctive relief and

    damages under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress injury done to him

    by the Defendant(s)' discriminatory treatment on the basis of race and national origin, to

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

recover damages for wrongful, retaliatory discharge of an employee in violation of 42 U.S.C. §1981, and to recover money damages for unpaid overtime wages under the laws of the United States pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("The Act").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's 42 U.S.C. §1981 claims pursuant to 28 U.S.C. §1331, §1343, and §1367. This action is authorized and instituted pursuant to 42 U S C §1981 (Civil Rights Act of 1866).

3. This Court also has jurisdiction over Plaintiff's 29 U.S.C. § 201-219 claims pursuant to the Fair Labor Standards Act, 29 U S C. § 216.

4. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), because the events/employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

5. At all times relevant, JEAN FELIX was employed by Defendant(s) and the parties had a contractual relationship with each other.

6. Plaintiff is a resident of Miami-Dade County, Florida and continues to reside in Miami-Dade County, and resided in said County during the time of his employment with the Defendant, within the jurisdiction of this Honorable Court.

7. Plaintiff is a Black male individual of Haitian national origin and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C. §1981

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

8. Defendant is a For-Profit Corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

## BACKGROUND AND FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Defendant(s) is a restaurant located in Miami-Dade, Florida.

10. Plaintiff JEAN FELIX was employed by Defendant in or about 1986 as a Cook and subsequently as a manager of Defendant for a total of approximately twenty-two (22) years.

11. While working for Defendant employer, Plaintiff was compensated an average of $10.00 per hour.

12. Plaintiff worked approximately 48 hours per week for Defendant employer, however, was not properly compensated for overtime hours worked in excess of 40 hours per week.

13. Plaintiff showed exemplary performance and performed all required duties during his time employed with Defendant/Employer.

14. In or about October 2007, Defendant hired a new district supervisor who was of Hispanic origin.

15. During the course of his employment with the Defendant(s) at this time, this Defendant(s)' agent continually and repeatedly subjected the Plaintiff to severe and pervasive racial discrimination.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

16. The newly hired Hispanic District manager falsely accuse Plaintiff and other Black Haitian individuals of wrongdoings for the mere fact that Plaintiff was a Black Haitian individual.

17. Defendant management told plaintiff that the employer did not need a Black and/or Haitian manager and threatened to demote Plaintiff to "frying chicken".

18. Plaintiff complained to management, but the non-Black, non-Haitian management did nothing to remedy the situation.

19. The newly hired Hispanic district manager immediately brought in Hispanic employees for Plaintiff to train.

20. After Plaintiff was made to train the Hispanic employees for three (3) months, he was terminated.

21. After termination, Plaintiff was replaced with the Hispanic employees he had trained.

22. Defendant(s) had a pattern of terminating Black Haitian employees based on pre-textual reasons, while retaining similarly-situated non-Black, non-Haitian employees.

23. Non-Black, non-Haitian employees with less seniority than Black Haitian employees were retained and promoted over Black Haitians on the basis of their race and national origin.

24. Plaintiff was consistently treated differently by Defendant(s) than the similarly-situated non-Black and/or non-Haitian employees because of his race and/or national origin.

25. Plaintiff was terminated on or about January 2008 for the sole reason being his race and national origin.

26. Defendant's reason for terminating Plaintiff was a mere pre-text.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

## COUNT I. DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

28. At all times material hereto Defendant, CHICKEN KITCHEN, was an "employer" within the meaning of Section 42 U.S.C. §1981.

29. At all times material hereto, Plaintiff, JEAN FELIX, was an "employee" within the meaning of 42 U.S.C. §1981

30. Plaintiff was employed by Defendant since about 1987 as a Cook and/or manager cook.

31. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with Defendant.

32. At all times material hereto, Plaintiff's job performance was satisfactory or above satisfactory.

33. Plaintiff was terminated from his employment on or about January 2008.

34. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

35. During the course of her employment with the Defendant(s), Defendant(s)' agents continually and repeatedly subjected the Plaintiff to severe and pervasive racial discrimination.

36. Plaintiff was treated less favorably than by Defendant(s) than White and Hispanic employees because of his race and national origin.

37. Defendant(s) crafted and implemented a plan to eventually terminate Plaintiff based upon his race. Defendant(s) also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

REMER & GEORGES-PIERRE, PLLC
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd  * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

38. Defendant(s) singled out plaintiff for treatment in a discriminatory manner because of his race and national origin.

39. Defendant(s)' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.   Defendant(s), and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

40. Defendant(s), through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

41. Plaintiff complained to the Defendant(s) about the discrimination, but Defendant(s) did nothing to address the issue.

42. The actions and language of the Defendant(s) were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant(s), and thereby creating a hostile work environment

43. The actions of the Defendant(s) were based upon the Plaintiff being a Black Haitian individual  The Defendant(s) subjected the Plaintiff to race and national origin based animosity.

44. The Plaintiff would have continued in his form of employment with entitlement to his wages and benefits but for the discriminatory conduct of the Defendant(s).

45. When the Defendant(s) terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff  The Defendant(s) did so despite the knowledge of those employees engaging in discriminatory actions and/or

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

comments and thereby fostering a hostile work environment for Black Haitian individuals.

46. The discrimination was based upon the Plaintiff's race and national origin, in that but for the fact that the Plaintiff is a Black Haitian, he would not have been the object of discrimination.

47. As a result of the actions of the Defendant(s), as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and has suffered emotional distress and damage.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant(s).

49. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant(s), was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

50. The conduct of the Defendant(s), by and through the conduct of its agents, employees, and/or representatives, and the Defendant(s)' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

51. The actions of the Defendant(s) and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages

REMER & GEORGES-PIERRE, PLLC
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

pursuant to federal law, to punish the Defendant(s) for its actions and to deter it, and others, from such action in the future.

52. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant(s)' discriminatory practices unless and until this Court grants relief.

53. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    a. Enter judgment for Plaintiff and against the Defendant(s) on the basis of Defendant(s)' willful violations of 42 U.S.C. §1981; and

    b. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    c. Award Plaintiff as to this count prejudgment interest; and

    d. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    e. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    f. Plaintiff demands a trial by jury.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST

## CHICKEN KITCHEN USA, LLC

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-53 above as if set out in full herein.

55. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

56. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

57. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

58. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

59. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **Restaurant** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Defendant employed Plaintiff as cook for Defendant's business.

60. Defendant employed Plaintiff full-time from approximately1987 until January 2008.

61 Plaintiff worked an average of **Forty-Eight (48) hours** per week during this period. Plaintiff was never compensated for overtime wages for the hours that he worked in excess of 40 hours per week.

62. Plaintiff was paid an average of **$10.00** an hour during employment with Defendant.

63. Plaintiff seeks to recover for unpaid wages and unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint (June 2007).

REMER & GEORGES-PIERRE, PLLC
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

64. Plaintiff seeks to recover for unpaid wages and unpaid overtime wages accumulated from August 2007 until August 2010, which is approximately a total of **156 weeks**

69. Plaintiff was employed as restaurant/kitchen staff personnel performing the same or similarly duties as that of those other similarly-situated restaurant/kitchen staff personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

70. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** is as follows:

**a. Total amount of alleged unpaid wages:**

- **$37,440.00**

**b. Calculation of such wages:**

- $15.00 (OT rate per/hour) x 8 hours of overtime per week = $120.00 per week; $120.00 (OT owed per week) x 156 weeks = **$18,720.00 in unpaid overtime wages; plus**

- **Liquidated damages of $18,720.00 plus all attorneys' fees and costs.**

**c. Nature of wages (e.g. overtime or straight time):**

- This amount represents unpaid **overtime** wages, unpaid **regular** wages, and **liquidated** damages.

Page 11

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

71. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. Plaintiff and those similarly-situated were not fully compensated by Defendant for their work performed for Defendant. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid for hours worked or paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

72. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of wages and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these wages and overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

73. Defendant CHICKEN KITCHEN willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant or three (3) years from filing this suit as set forth above.

74. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant CHICKEN KITCHEN on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

## COUNT III: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST

## CHRISTIAN MAHE DE BERDOUARE

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-74 above as if set out in full herein.

76. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed"

77. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

78. At all times pertinent to this Complaint, the Employer/Defendant operates an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

79. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

80. By reason of the foregoing, the Employer/Defendant operates, and has operated during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant **CHRISTIAN MAHE DE BERDOUARE's** business activities involve those to which the Fair Labor Standards Act applies. The Defendant operates a **Restaurant** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Defendant employed Plaintiff as a cook for Defendant's business.

81. Defendant employed Plaintiff full-time from 1987 until January 2008.

82. Plaintiff worked an average of **Forty-Eight (48) hours** per week during this period. Plaintiff was never compensated for overtime wages for the hours that he worked in excess of 40 hours per week.

83. Plaintiff was paid an average of **$10.00** an hour during employment with Defendant.

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

84. Plaintiff seeks to recover for unpaid wages and unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint (June 2007)

85. Plaintiff seeks to recover for unpaid wages and unpaid overtime wages accumulated from August 2007 until August 2010, which is approximately a total of **156 weeks**.

86. Plaintiff was employed as restaurant/kitchen staff personnel performing the same or similar duties as that of those other similarly-situated restaurant/kitchen staff personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

87. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** is as follows:

a. **Total amount of alleged unpaid wages**:

- **$37,440.00**

b. **Calculation of such wages**:

- $15.00 (OT rate per/hour) x 8 hours of overtime per week = $120.00 per week; $120.00 (OT owed per week) x 156 weeks = **$18,720.00 in unpaid overtime wages; plus**

- **Liquidated damages of $18,720.00 plus all attorneys' fees and costs.**

REMER & GEORGES-PIERRE, PLLC
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

c. <u>Nature of wages (e.g. overtime or straight time):</u>

- This amount represents unpaid **overtime** wages, unpaid **regular** wages, and **liquidated** damages

88  At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. Plaintiff and those similarly-situated were not fully compensated by Defendant for their work performed for Defendant. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid for hours worked or paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

89. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of wages and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these wages and overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

90. Defendant **CHRISTIAN MAHE DE BERDOUARE** willfully and intentionally refused to pay Plaintiff wages, overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages and overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

91. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant **CHRISTIAN MAHE DE BERDOUARE** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law

F. Plaintiff demands a trial by jury.

Page 18

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

## COUNT IV. RETALIATORY DISCHARGE

92. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-91 of this complaint as if set out in full herein.

93. Plaintiff and Defendant(s) had a contractual relationship.

94. Defendant(s) precluded Plaintiff from performing the stated contractual relationship when Defendant(s) terminated Plaintiff.

95. Defendant(s) terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race and national origin as more particularly described above and unpaid overtime.

96. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

97. Defendant(s) has acted with malice and/or reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

   a. Enter judgment for Plaintiff and against the Defendant(s) on the basis of Defendant(s)' willful violations of 42 U.S.C. §1981; and

   b. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

   c. Award Plaintiff as to this count prejudgment interest; and

   d. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

REMER & GEORGES-PIERRE, PLLC
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005

e   Grant such other and further equitable relief, as this court deems equitable and

just and/or available pursuant to Federal Law including punitive damages

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right

by jury.

Dated: 8/27/10

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
11900 Biscayne Boulevard
Suite 288
North Miami, Florida 33181
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar No : 0533637

Page 20

**REMER & GEORGES-PIERRE, PLLC**
ATTORNEYS AT LAW

BISCAYNE CENTRE * 11900 Biscayne Blvd. * Suite 288 * North Miami, FL 33181
Telephone: (305)416-5000 * Facsimile: (305)416-5005