UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23105-Civ-COOKE/TURNOFF

LOUIS R. JEAN-FELIX,

    Plaintiff,

vs.

CHICKEN KITCHEN USA, LLC, and
CHRISTIAN MAHE DE BERDOUARE,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE
PREVIOUS ORDER VACATING FINAL JUDGMENT AND FOR AN
EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**

THIS MATTER is before me upon Plaintiff Louis R. Jean-Felix's Motion to Vacate the Previous Order Vacating Final Judgment and For an Extension of Time to Effectuate Service of Process. (ECF No. 33). Defendant Chicken Kitchen USA, LLC filed its Response and Memorandum of Law in Opposition to Plaintiff's Motion to Vacate the Previous Order Vacating Final Judgment and For an Extension of Time to Effectuate Service of Process (ECF No. 35), to which Plaintiff submitted his Reply in Support of Its [sic] Motion Vacate the Previous Order Vacating Final Judgment and For an Extension of Time to Effectuate Service of Process (ECF No. 36). Thus, Plaintiff's Motion to Vacate the Previous Order Vacating Final Judgment and For an Extension of Time to Effectuate Service of Process has been fully briefed and is ripe for adjudication. For the reasons provided herein, Plaintiff's Motion to Vacate the Previous Order Vacating Final Judgment and For an Extension of Time to Effectuate Service of Process is denied.

1

**BACKGROUND**

Plaintiff filed his Complaint (ECF No. 1) allegation employment discrimination and violation of federal wage and hour laws against Defendants, Chicken Kitchen USA, LLC ("Chicken Kitchen" or "Defendant") and Christian Mahe De Berdouare ("Mr De Berdouare")[1] on August 27, 2010. Plaintiff then served "Asaid" as "Registered Agent/Employee authorized to accept on behalf of Chicken Kitchen USA, LLC" on September 2, 2010. *See* Pl.'s Notice of Filing V. Return of Service, ECF No. 6. Chicken Kitchen failed to respond to the Complaint, file any pleadings or documents, enter an appearance by an attorney, or otherwise defend against the lawsuit. Based on the Defendant's failure to respond, on November 23, 2010, a Clerk's Default was entered against Defendant pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Default, ECF No.13. Pursuant to an Endorsed Order Requiring Motion for Default Judgment and Order to Show Cause (ECF No. 14), on April 5, 2011, Plaintiff moved for a Final Default Judgment against Defendant Chicken Kitchen pursuant to Federal Rule of Civil Procedure 55(b) (ECF No. 15), which was granted on May 29, 2012 (ECF No. 22).

On June 14, 2012, Defendant moved to vacate the Final Default Judgment against it, pursuant to Federal Rules of Civil Procedure 55(a) and 60(b), arguing that this Court lacked personal jurisdiction to enter the judgment because it was not properly served with process (ECF No. 24). Agreeing that Plaintiff had failed to effectively serve Chicken Kitchen under federal and state law, I determined that this Court lacked personal jurisdiction over the Defendant, rendering the judgment void. Consequently, I vacated as void the Final Default Judgment (ECF No. 22) entered against Chicken Kitchen pursuant to Federal Rule of Civil Procedure 60(b)(4). (ECF No. 31). It is this vacatur of the Final Default Judgment against Chicken Kitchen that

---

[1] Plaintiff never served Defendant Christian Mahe De Berdouare, therefore, he is not a party to the instant Motion to Vacate.

Plaintiff now requests I reconsider and set aside pursuant to Federal Rule of Civil Procedure 60(b).

## LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order, or proceeding if there is a showing of mistake, fraud, inadvertence, misconduct, newly discovered evidence, or if the judgment is void. Fed. R. Civ. P. 60(b); *see also Am. Bankers Ins. Co. of Fla. v. Northwest Nat. Ins. Co.*, 183 F. 3d 1332, 1338 n.4 (11th Cir. 1999). The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *U.S. v. Martinez,* 2011 WL 5101973 at *1 (S.D. Fla. 2011) (citations omitted); *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1276 n.2 (11th Cir. 2005).

Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." *Sanzone v. Hartford Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1250, 1256 (S.D. Fla. 2007).

## DISCUSSION

Plaintiff does not dispute that he failed to perfect service on Chicken Kitchen. Instead, he asserts that the vacatur of judgment should itself be vacated because justice so requires. *See* Fed. R. Civ. P. 60(b)(6).[2] Justice compels such relief, according to Plaintiff, because the Defendant

---

[2] Plaintiff facially appears to bring this motion pursuant to Federal Rule of Civil Procedure 60(b)(1) by initially citing to that provision of Federal Rule of Civil Procedure 60(b). However, he states that "Rule 60(b) allows a party to be relieved from an order if that order was based on, among other things, mistake, fraud, or misconduct by an opposing party," Pl.'s Mot. Vacate at 2, which is a comingling of the relief

3

had actual knowledge of the lawsuit against it, and nevertheless, sat on his right to raise the defense of lack of proper service until the statute of limitations on Plaintiff's unpaid wages claim expired.

I am not compelled by these arguments. First, the fact that Defendant may have had actual knowledge of the lawsuit is immaterial to whether this Court had jurisdiction over the Defendant as is conferred by properly effected service. "A defendant's actual notice is not sufficient to cure defectively executed service." *Laurent v. Potter*, 405 F. App'x 453, 454 (11th Cir. 2010) (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see also Boston v. Potter*, 185 F. App'x 853, 854 (11th Cir. 2006) ("Actual notice of a suit does not dispose of the requirements of service of process.") (citing *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir.1995)).

Secondly, even if Defendant may have strategically waited to raise its lack of jurisdiction defense until the Plaintiff could no longer assert the claims against it because of operation of the applicable statute of limitation, that fact alone does not *per se* warrant the Plaintiff to a second bite at the Defendant. *See Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1133 (11th Cir. 2005) ("the running of the statute of limitations does not require that a district court extend the time for service of process"); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) ("absent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run"); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir.1995) (same)). Plaintiff's counsel is charged with having knowledge of the rules governing service in the jurisdiction in which he elects to bring suit on

---

provided by Federal Rule of Civil Procedure 60(b)(1) and (3). Following a complete review of Plaintiff's arguments, I interpret Plaintiff's Motion to Vacate to be brought pursuant to Federal Rule of Civil Procedure 60(b)(6) because he states, "it is in the interest of justice that warrants vacatur," Pl.'s Mot. Vacate at 2, and proceeds to argue that fairness, as opposed to an actual mistake, or instance of fraud or misconduct, entitles him to relief.

behalf of his client.  Consequently, I am unmoved by Plaintiff's argument that he relied upon the faulty advice of his process server that an employee of the Defendant was served when it was facially apparent from the Return of Service that the person served was not an officer or the registered agent of the Defendant, and that service on the registered agent was not attempted within the time prescribed by Florida law.  *See* Order Granting Def.'s Mot. Vacate Final Default J. at 4-6, ECF No. 31.

Thus, the instant case is distinguishable from *Horenkamp v. Van Winkle And Co., Inc.*, in which the Eleventh Circuit noted that the Advisory Committee for the Federal Rules of Civil Procedure encourages an extension of time to serve a defendant where "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." 402 F.3d at 1132-33 (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).  In *Horenkamp*, the district court denied the defendant's motion to dismiss plaintiff's complaint for failure to timely perfect service even though plaintiff could not demonstrate "good cause," since the failure to timely serve was due to a mistake.  In so denying defendant's motion to dismiss, the district court reasoned that since "[the defendant] had notice of the suit via the request for waiver of service, and that it had now been properly served," it was a proper use of its discretion to extend the time for service under Federal Rule of Civil Procedure 4(m).  *Id.* at 1131.

Here, however, there is no assertion or evidence that Defendant was evading service and Defendant did not conceal a defect in the attempted service since the defect was patent in the Return of Service.  Importantly, the procedural postures of the two cases differ.  In *Horenkamp*, prior to the ruling on defendant's motion to dismiss, the plaintiff perfected service on the defendant.  To the contrary, here, months after the filing of Defendant's Motion to Vacate Final

Default Judgment, which put Plaintiff on notice of his faulty service, he did not move for an extension of time to properly serve the Defendant, and still has not attempted to adequately serve the Defendant.  While Plaintiff now may be barred by the statute of limitations from bringing the claims against it, that result is in part due to his lack of diligence in ensuring that service was perfected.

Lastly, Plaintiff has not raised a sufficient premise to reconsider the Order Granting Defendants' Motion to Vacate Final Default Judgment.  Plaintiff has not identified an intervening change in controlling law, the availability of new evidence, or the need to correct a clear injustice distinct from any argument Plaintiff previously raised prior to the adjudication of Defendant's Motion to Vacate Final Default Judgment.  Plaintiff does not argue that the Court erred in recitation of the law governing service of a corporation, or the application of the law to the facts in the instant case.  Plaintiff does not allege that Defendant engaged in any fraudulent behavior, but only that Defendant employed gamesmanship to assert its defenses at a legally inconvenient time for the Plaintiff.  However, Plaintiff previously noted "it is suspicious how Chicken Kitchen asserts it was not served yet it surprisingly appears after default judgment was entered and Plaintiff's claims were time-barred." Pl.'s Resp. Opp'n Def.'s Mot. Vacate Final J at 6, ECF No. 29.  Therefore, by presenting these issues again, Plaintiff is rearguing the same contentions set forth in his Response in Opposition to Defendant's Motion to Vacate Final Judgment (ECF No. 29).  *Compare* Pl.'s Mot Vacate, *with* Pl.'s Resp. Opp'n Def.'s Mot. Vacate Final J. at 5-7.  "[R]elitigation of the legal or factual claims underlying the original judgment is not permitted in a Rule 60(b) motion or an appeal therefrom." *Agostini v. Felton*, 521 U.S. 203, 257 (1997).

## CONCLUSION

Having reviewed the arguments and the record, I find that Plaintiff has failed to demonstrate a basis arising under Federal Rule of Civil Procedure 60(b) for the vacatur of the Order Granting Defendants' Motion to Vacate Final Default Judgment. Therefore, it is **ORDERED and ADJUDGED** that Plaintiff Louis R. Jean-Felix's Motion to Vacate the Previous Order Vacating Final Judgment and For an Extension of Time to Effectuate Service of Process (ECF No. 33) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 21st day of May 2013.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*